IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrew R. Perrong<br>1657 The Fairway #131<br>Jenkintown, PA 19046<br><br>      Plaintiff<br><br>vs.<br><br>Support American Leaders PAC<br>1601 Elm St.<br>Dallas, TX 75201;<br><br>Matthew Tunstall<br>801 S. Olive St. #2912<br>Los Angeles, CA 90014;<br><br>and<br><br>Campaign to Support the President PAC<br>PO Box 26141<br>Alexandria, VA 22313<br><br>      Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### Preliminary Statement

1. The aftermath of the 2020 presidential election sparked intense emotions in Americans across the political spectrum. For the Defendants, it represented an opportunity to fraudulently play off those emotions for their own pecuniary benefit. Indeed, a recent CNN article detailed the intricacies of Defendants' fraudulent conduct complained of herein. *See* Andrew Kaczynski & Em Steck, *Porsches, Gucci Rings and Billions of Robocalls: Inside the PAC Operation That Raised Millions by Impersonating Donald Trump*, CNN (July 15, 2021), https://www.cnn.com/2021/07/15/politics/kfile-pac-trump-robocall-operation/index.html.

1

2.  Seizing off President Trump's allegations that the election was stolen, in November of 2020, the Defendants blasted millions of pre-recorded "robocalls" to individuals, including at least three such calls to the Plaintiff, seeking donations for the "Campaign to Support the President" in an effort to keep the "Democrats and Radical Left" from stealing the election. Such calls also used sound clips of President Trump to falsely imply a connection with the Trump Campaign.

3.  Plaintiff Andrew R. Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

4.  The Plaintiff never consented to receive such calls, which were placed to Plaintiff's telephone number for which he is charged for the calls.

## Parties

5.  Plaintiff Andrew R. Perrong is a Pennsylvania resident, and a resident of this District.

6.  Defendant Support American Leaders PAC, and its alter-ego PAC, the Campaign to Support the President PAC, are federal Political Action Committees. The address recorded with the Federal Election Commission for the Support American Leaders PAC is 1601 Elm St. Dallas, TX 75201, and the address recorded with the FEC for the Campaign to Support the President PAC is PO Box 26141, Alexandria, VA 22313.

7.  Defendant Matthew Tunstall is the chief beneficiary and owner of the two PACs. According to FEC records, Tunstall represents a large portion of the PACs' distributions, totaling

upward of three-quarters of a million dollars. Upon information and belief, Tunstall resides at 801 S. Olive St. #2912, Los Angeles, CA 90014.

8. The Defendants engaged in calling activity into this District, as they did with the Plaintiff.

## Jurisdiction & Venue

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff was placed into this District.

## The Telephone Consumer Protection Act

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits all Automated Calls To Protected Numbers

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

3

13. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Perrong's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded telephone calls onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

15. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

16. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or *any* service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. 20-5317 (E.D. Pa. July 15, 2021).

The National Do Not Call Registry

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

4

18. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### Factual Allegations

20. Defendant PACs are so-called scam PACs, a PAC that "exists primarily to raise money that is then paid to the PAC's own operators rather than to engage in bonafide political activity." *See* Kaczynski & Steck, *supra*.

21. Defendants' business model operates by placing millions of robocalls to individuals throughout the United States using Trump's voice and falsely playing off Trump's good name to solicit donations. These donations are then distributed from the PACs to Tunstall and telemarketing vendors to allow them to perpetuate their operation, including by paying for more robocalls. *See id.*

22. Defendants rely on this cycle of automated robocalls to perpetuate their telemarketing operation and the scam PAC itself, which exists primarily for Defendant Tunstall's benefit. In fact, only $1,500, just 0.05% of the money collected by the PACs, directly supported a *bona fide* political candidate, Representative Jefferson Van Drew of New Jersey. Not a single penny of the funds collected by the PACs directly supported President Trump or his campaign. In fact, the Trump campaign has publicly disavowed the PACs. *See id.*

5

23. Defendant Tunstall used little, if any, of the money to benefit *bona fide* political causes. Rather, he used the money to fund a lavish Playboy lifestyle, which includes a luxury apartment in Los Angeles, a Porsche Panamera, Gucci rings, designer clothing, and partying with models. *See id.*

24. Upon information and belief, none of the Defendants are registered as telemarketers with the Attorney General of Pennsylvania.

The Calls to Mr. Perrong

25. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

26. Plaintiff's telephone number is (215) 947-XXXX (the "Number").

27. The Number is assigned to a Voice over Internet Protocol (VoIP) telephone service, which allows for voice calls to be placed over a broadband Internet connection.

28. The Number is not associated with any business.

29. The Plaintiff registered the Number on both the Federal and Pennsylvania State Do-Not-Call registries, was on such registries for more than thirty-one days prior to the calls, and never removed the number from these registries.

30. That Number, which is assigned to a VoIP telephone service, is charged for each call it receives.

31. The service charges a ring charge of $0.005 for the provision of Caller ID Name lookup information for each call placed to the Number, even if the call is not answered.

32. The service also charges a per-minute charge of $0.004 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to the Number.

33. The Number is therefore "assigned to a . . . service for which the called party is charged for the call" and any calls placed to that number are subject to the restrictions enumerated in 47 U.S.C. § 227(b)(1)(A)(iii).

34. On November 11, 2020 at 7:13 PM, the Plaintiff received a pre-recorded call from the Defendants with the caller ID 757-760-7492.

35. The call began with a recorded message stating, "This is the Campaign to Support the President with your urgent Trump phone call."

36. The call continued with a recording of President Trump, "I'm Donald Trump. This is the most important election we've ever had. We have to win this election."

37. The original voice actor then continued on the recording:

> The Democrats and Radical Left are trying to steal this election and President Trump needs your emergency support right now. With no time to waste and results coming in by the minute, do your part to help the campaign until the very end by pressing three right now to contribute to elect President Trump. To record your emergency contribution to help President Trump win this election, press three now. Again, press three now to donate to defeat Joe Biden and elect President Trump. That's three on your keypad to elect President Trump now. Press seven to unsubscribe. Paid for by Campaign to Support the President. Not authorized by any candidate or candidate's committee. Support Trump. 877-213-0450.

38. In an effort to ascertain the identity of the caller, as the Plaintiff seriously doubted that President Trump would engage in or ratify such illegal telemarketing conduct, the Plaintiff pressed three. When he spoke to the representative that answered, the representative stated that he was calling from the Support American Leaders PAC, not the Campaign to Support the President.

39. Subsequently, the Plaintiff made a $20 payment to ascertain the caller's identity based on this conflicting information. The credit card charge appeared on Plaintiff's credit card as "SAL*TRUMP SUPPORT 56DALLAS TX" and the merchant address appeared as 1601 Elm

St. Fl. 33 Dallas, TX 75201. The merchant phone number was 202-750-4090. The merchant email address was premiummediateam@gmail.com.

40. Based on these assertions, it is alleged that both PACs are *alter egos* of each other.

41. After this preliminary call, the Plaintiff requested, in writing, that Defendants place him on their Do-Not-Call list and provide him a copy of their Do-Not-Call policy. Defendant Tunstall personally responded confirming that Plaintiff was added to the Defendants' Do-Not-Call list but neglected to provide the Plaintiff a copy of their Do-Not-Call policy.

42. Nevertheless, the calls continued. On at least November 19, 2020 at 3:28 PM and November 24, 2020 at 2:46 PM, the Plaintiff received almost identical prerecorded telephone calls from the Defendants.

43. Both telephone calls also included recordings of President Trump.

44. Both telephone calls came from the Caller ID 215-330-4639.

45. Because Plaintiff asked to be placed on Defendants' Do-Not-Call list and was not, it is evident that Defendants do not maintain such a list. Likewise, based on this fact and the fact that they did not produce one when requested, it is clear that Defendants do not have any Do-Not-Call policies or procedures in place. Based on the nature of their illegal activities, Defendants' noncompliance with the law in this regard is unsurprising.

46. In addition to utilizing artificial or prerecorded voices, all calls were also placed using an Automatic Telephone Dialing System ("ATDS"). As the Supreme Court recently clarified, the key feature of an ATDS is the capacity to store numbers to be called using a random or sequential number generator or to produce numbers to be called using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).

47.     The system Defendants used to place the calls to Plaintiff is an ATDS because it would be incongruous to store numbers or produce numbers in a pre-recorded calling campaign other than randomly or sequentially, such as by a human dialing the number manually and then playing the called party a recorded message.

48.     Similarly, the fact that the calls were not at all personalized, asked the Plaintiff to press three to speak with someone, and came at random dates and times further supports the inference that the Defendants used an ATDS, such as one which "use[s] a random [or sequential] number generator to determine the order in which to pick phone numbers from a preproduced list." *Id.* at 1171 n.7.

49.     The Plaintiff is ignorant of the exact process by which the system used by the Defendants operates other than drawing the reasonable inference and making the allegation that it stores or produces telephone numbers randomly or sequentially based on the facts ascertainable from the calls he received, as outlined above. Indeed, as at least one district court explained, "The newly clarified definition of an ATDS is more relevant to a summary judgment motion than at the pleading stage. *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 WL 2863623, at *7 (S.D. Cal. July 8, 2021); *accord Miles v. Medicredit, Inc.*, No. 4:20-cv-01186-JAR, 2021 WL 2949565 (E.D. Mo. July 14, 2021).

50.     The Plaintiff never provided his consent or requested these calls.

51.     The Plaintiff was charged $0.043 for the calls.

52.     The communications received by Plaintiff demonstrate that the messages were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him invest in Defendants' scam PAC operation and Defendant Tunstall's Playboy lifestyle. Upon information and belief, none of the funds which Plaintiff

9

provided the Defendants directly went to *bona fide* political causes. The messages therefore qualified as telemarketing. *See* 47 C.F.R. § 64.1200(f)(12).

53. Mr. Tunstall made the automated calls for the PACs. He either physically programmed the automatic dialer to dial them or instructed others to do the same.

54. Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the automated calls and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

## Legal Claims

### Count One:
### Violation of the TCPA's Prohibition Against Calling Numbers for Which the Called Party is Charged with an Artificial or Prerecorded Voice

55. By placing at least three calls to the Plaintiff using both an ATDS and with an artificial or prerecorded voice, Defendants, jointly and severally, violated 47 U.S.C. § 227(b)(1)(A)(iii).

56. This amounts to six violations since Defendants committed two violations per call. The first violation is using an ATDS to call a number for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). The second violation is by using an "artificial or prerecorded voice" to call a number for which the called party is charged for the call. *Id.*

57. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least six violations of the TCPA, 47 U.S.C. § 227(b), by making calls, except for emergency purposes, to the telephone

line of Plaintiff using an artificial or prerecorded voice and through the initiation of calls using an ATDS to a number for which the called party is charged for the calls.

58. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500 in damages for each and every violation and call made to his telephone line which used an artificial or prerecorded voice and which was initiated using an ATDS to his number, which is charged for the calls, in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating these provisions in 47 U.S.C. § 227(b) in the future.

60. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

### Count Two:
### Violation of the Pennsylvania Telemarketer Registration Act
### 73 Pa. Cons. Stat. § 2241

61. By placing at least three telemarketing calls to the Plaintiff without registering as telemarketers under Pennsylvania law, Defendants, jointly and severally, violated 73 Pa. Cons. Stat. § 2243. Moreover, by failing to identify themselves in the messages Defendants, jointly and severally, violated 73 Pa. Cons. Stat. § 2245.1.

62. This constitutes three violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Cons. Stat. § 2246(a).

63. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act (PTRA), 73 Pa. Cons. Stat. § 2241, including by making calls to Plaintiff's number, on the Pennsylvania Do-Not-Call registry, without registration.

64. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the PTRA, 73 Pa. Cons. Stat. § 2241, Plaintiff is entitled to an award of $300 in damages for each and every call made to his telephone number in violation of the statute, pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. § 201. *See* 73 Pa. Cons. Stat. § 2246(a).

65. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the PTRA in the future.

### Count Three:
### Violation of the TCPA's Implementing Regulations
### Codified at 47 C.F.R. § 64.1200

66. By placing at least three telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on their Do-Not-Call list, Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

67. This amounts to nine violations since Defendants committed three violations per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is by calling Plaintiff without having a Do-Not-Call policy

12

in place. 47 C.F.R. § 64.1200(d)(1). The third violation is by calling Plaintiff without maintaining the Plaintiff on their internal Do-Not-Call list. 47 C.F.R. § 64.1200(d)(6).

68. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute at least nine violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, *inter alia*, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Mr. Perrong's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

69. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

70. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

71. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B).

**Relief Sought**

WHEREFORE, Plaintiff requests the following relief:

    a. Injunctive relief prohibiting Defendants from calling telephone numbers using an ATDS, making calls using an artificial or prerecorded voice, and/or in violation of the

PTRA, and/or in violation of the TCPA's implementing regulations.

        b.     Because of Defendants' violations of the TCPA's restrictions in 47 U.S.C. § 227(b), Plaintiff Perrong seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

        c.     Because of Defendants' violations of the PTRA, Plaintiff Perrong seeks for himself $300 in damages for each violation, pursuant to 73 Pa. Cons. Stat. § 201-9.2(a).

        d.     Because of Defendants' violations of the TCPA's implementing regulations, Plaintiff Perrong seeks for himself $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(c)(5).

        e.     Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: **July 16, 2021**

/s/
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW R. PERRONG
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

**DEFENDANTS**
SUPPORT AMERICAN LEADERS PAC
1601 ELM ST. DALLAS, TX 75201

(b) County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **DALLAS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
ANDREW R. PERRONG (PRO SE)
1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** |  | 840 Trademark | 460 Deportation / 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | [X] 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) |  |
|  |  |  | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** |  | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | / 555 Prison Condition |  |  |  |
|  | / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TELEPHONE CONSUMER PROTECTION ACT, 47 USC 227; 47 CFR 64.1200

Brief description of cause:
DEFENDANTS CALLED PLAINTIFF IN VIOLATION OF THE TCPA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 23,400

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

**DATE** 07/16/2021

**SIGNATURE OF ATTORNEY OF RECORD** *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| v. | : | |
| SUPPORT AMERICAN LEADERS PAC et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

07/16/2021          Andrew R. Perrong          PLAINTIFF PRO SE
**Date**               ~~Attorney-at-law~~ Plaintiff Pro Se   **Attorney for**
215-791-6957        888-329-0305             ANDYPERRONG@GMAIL.COM
**Telephone**          **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1657 THE FAIRWAY #131, JENKINTOWN, PA 19046

Address of Defendant: 1601 ELM ST. DALLAS, TX 75201

Place of Accident, Incident or Transaction: BY TELEPHPONE CALL TO MY PRIVATE TELEPHONE

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [✓]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [•] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/16/2021 — *Attorney-at-Law / Pro Se Plaintiff* — PRO SE — *Attorney I.D. # (if applicable)*

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* TELEPHONE CONSUMER PROTECTION

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ANDREW R. PERRONG, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: 07/16/2021 — *Attorney-at-Law / Pro Se Plaintiff* — PRO SE — *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**PRESS FIRMLY TO SEAL**  **PRESS FIRMLY TO SEAL**  **PRIORITY MAIL EXPRESS POSTAGE REQUIRED**

# PRIORITY MAIL EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

```
E   US POSTAGE PAID
    07/17/2021
    From 19046
    Zone 1              Pitney Bowes      026W0004897610
                        ComBasPrice
                        Flat Rate Envelope
```

**PRIORITY MAIL EXPRESS 1-DAY™**

Andrew Perrong
1657 The Fairway #131
Jenkintown PA 19046-1423

Scheduled Delivery Date: 07/19/2021

0007

WAIVER OF SIGNATURE

C019

CLERK'S OFFICE, USDC EDPA
601 MARKET STREET
ROOM 2609
PHILADELPHIA PA 19106-1732

USPS TRACKING #



9470 1282 0633 5516 2073 55

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.



U.S.M.S. X-RAY

EP13F July 2013   OD: 12.5 x 9.5


PS10001000006

**VISIT US AT USPS.COM®**
**ORDER FREE SUPPLIES ONLINE**

   

UNITED STATES POSTAL SERVICE®

This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.