IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrew R. Perrong<br>1657 The Fairway #131<br>Jenkintown, PA 19046<br><br>      Plaintiff<br><br>vs.<br><br>Support American Leaders PAC,<br>Matthew Tunstall,<br>and<br>Campaign to Support the President PAC<br><br>      Defendants. | Case No. 2:21-cv-03263<br><br>JURY TRIAL DEMANDED |

## MOTION TO EXTEND TIME FOR SERVICE

Plaintiff Andrew R. Perrong respectfully moves, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, that this Court enter an order extending the time to serve the Defendants in this matter, because extensive efforts to serve Mr. Tunstall personally, who is also the corporate officer and director of the two PAC defendants, have failed.

Plaintiff has good reason to believe that Defendants are intentionally avoiding service of process, including because of extensive media coverage surrounding Defendants.

In support thereof, Plaintiff alleges the following:

### ARGUMENT AND AUTHORITIES

**A. Plaintiff has made efforts to serve Defendants; this warrants an extension of time.**

Plaintiff has made efforts to serve Defendants to no avail. According to a skip-trace search conducted by the Plaintiff, the Defendant Matthew Tunstall lives at 801 S. Olive St., Apartment 2912, Los Angeles, California, 90014. This is the address of the Atelier Apartment

1

Building, a luxury high-rise apartment building in Los Angeles. As alleged in the Complaint, Tunstall is the officer and owner of both of the PACs sued here. Accordingly, personal service upon Tunstall would suffice as service upon him and his two PACs. *See* FED R. CIV. P. 4(h).

On July 29, 2021, the Plaintiff engaged the services of Samuel Cafiero, a California Registered Process Server that specializes in service of high-profile and difficult-to-serve individuals. Mr. Cafiero made his first attempt on September 6, 2021, but was unable to access the elevators or the apartment because he was stopped by the building security at the front desk. *See* Exhibit A. Importantly, the desk clerk confirmed that Mr. Tunstall lived in the building. *Id.* On September 10, 2021, Mr. Cafiero was able to access the apartment's 29th floor and knocked on the door of the apartment, but nobody came to the door. Mr. Cafiero made additional attempts between September 10, 2021 and October 7, 2021.

For these reasons, the Plaintiff respectfully requests that he be provided at least 180 additional days to serve the Defendants, especially given that it appears that he must secure a different process server, as Mr. Calfiero is unresponsive. It is unclear as to what additional progress has been made since October 7, 2021, as Mr. Cafiero has stopped responding to Plaintiff's emails and did not complete an affidavit of non-service describing his attempts, despite Plaintiff requesting him to do so on October 7, 2021.

**B. Defendant Tunstall is actively avoiding service.**

Plaintiff's process server visited Defendant's address and left messages with the building security/front desk on at least two different days. Despite these attempts, Tunstall has not accepted service or otherwise responded to the process server. He has not come to the door. Given extensive media coverage of Tunstall and his activities, it is likely that he is trying to keep a low profile and will not answer the door for anyone out of fear they might be media, let alone a process server. *See* Andrew Kaczynski & Em Steck, *Porsches, Gucci Rings and Billions of*

2

*Robocalls: Inside the PAC Operation That Raised Millions by Impersonating Donald Trump*, CNN (July 16, 2021), https://www.cnn.com/2021/07/15/politics/kfile-pac-trump-robocall-operation/index.html.

These actions indicate someone who knows of pending litigation against them, and an individual who fits a "con artist" profile. Furthermore, other ways to traditionally effectuate personal service are impractical here, so Plaintiff requires time to serve the Defendant through other methods, as described *infra*. A stake out would likely result in building security or police involvement, all the while alerting the Defendant not to come out to accept service. Furthermore, the nature of a high-rise apartment makes it difficult to monitor the comings and goings of its residents, especially of those, like Tunstall, who live a "playboy lifestyle" of late-night parties with aspiring models and at nightclubs. Because such individuals do not work steady jobs or have predictable schedules, serving them personally can be difficult, if not impossible, as it is difficult to have a process server available to find a needle in a haystack.

### C. The Plaintiff intends to serve Defendants through additional methods.

The Federal Rules of Civil Procedure permit the Plaintiff to serve the Defendants by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). California and Pennsylvania state law provide for viable alternative avenues to serve the Defendants when traditional attempts at personal service have proved unsuccessful.

Notably, under California law, in lieu of personal delivery of a copy of the summons and complaint, the summons and complaint may be left at the Defendant's "usual mailing address . . . with the person who is apparently in charge of his or her . . . usual mailing address." CAL. CIV. PROC. 415.20(b). Under this Rule, Plaintiff may serve Defendant Tunstall in his individual

capacity by leaving a copy with the front desk, provided that the person there is the person "in charge" of the address. Service in this manner would unquestionably give notice to Defendant Tunstall both in his individual capacity and as the owner of the two PACs. This is especially the case in a luxury apartment building like the Defendant's, where the front desk staff act not as mere security guards or watchmen but rather as a "personal concierge." *See Amenities*, ATELIER, https://atelierdtla.com/amenities. Under California law and the Federal Rules, no prior court approval is required for this method of service, and Plaintiff will endeavor to do so.

Similarly, in an effort to serve the PACs, Plaintiff intends to make use of Pennsylvania Rules of Civil Procedure 403 and 404(2). These Rules permit service of process of out of state legal entities, like PACs, via Certified Mail, Return Receipt requested. PA. R. CIV. P. 403, 404(2).

## CONCLUSION

WHEREFORE, given that Plaintiff has shown that he undertook a good-faith effort to serve the Defendants, Plaintiff prays that this Court grant Plaintiff's motion and grant an additional 180 days to serve the summons and complaint herein.

Dated: **October 25, 2021**

/s/
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com



Andy P. <andyperrong@gmail.com>

## Service on Matt Tunstall & PACs

S.C. <alonzo007@hush.com>  Mon, Sep 6, 2021 at 11:17 PM
To: "Andy P." <andyperrong@gmail.com>

Hello Andy,

He is saying at a luxury place downtown. I have went there and they have a front desk that is maned by 3-4 employees.
I tried to goto the elevator but was asked to come back. I introduced myself and what I do.

One of the desk clerks called to his room but had no answer.
I will make more attempts.

Exhibit A